# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-0823V
Filed: June 5, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
LINDA HURLEY,                            *
                                         *
             Petitioner,                 *    Attorneys' Fees and Costs;
        v.                               *    Special Processing Unit ("SPU")
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
             Respondent.                 *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Paul Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Camille Collett*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 5, 2014, Linda Hurley ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on November 26, 2013.[3] Pet. at 1; Stip., filed Jan. 24, 2017, at ¶¶ 1, 2, 4. On January 25, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 65).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The vaccine administration record indicates petitioner received the flu vaccine on November 26, 2013. Pet. Ex. 18. Petitioner alleged in the petition that she received the vaccine on November 27, 2013. *See generally* Petition.

On April 28, 2017, petitioners filed a motion for attorneys' fees and costs, requesting attorneys' fees in the amount of $38,095.50 and attorneys' costs in the amount of $22,061.92 for a total amount of $60,157.42.  Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") at ¶¶ 1-4 (ECF No. 70).  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.* at ¶ 4.

On May 15, 2017, respondent filed a response.  (ECF No. 71).  In his response, respondent states "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent does state that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent further states that the "Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent." *Id.*  Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case." *Id.* at 3.  Petitioner has not filed a reply.

A review of the supporting documentation submitted in this case reveals that petitioner twice charged for the cost of obtaining certain medical records.[4]  Petitioner also charged $401.63 for two hotels rooms required for petitioner and petitioner's counsel during mediation despite the fact that the receipts provided total only $267.76.[5]  The undersigned will reduce the amount of attorneys' costs by these erroneous charges.

Petitioner mistakenly included a receipt which appears to be from another case (*id.* at 53), but failed to include receipts for two entries in the amounts of $2.86 and $25.00 paid to obtain medical records (*id.* at 29-30 (entries dated Oct. 7, 2014 and Nov. 25, 2015)).  Because the amounts requested which lack receipts are relatively small and the medical records were filed into the record in this case, the undersigned will not deduct these amounts.  Additionally, the undersigned finds no reason to further reduce the amount of attorneys' fees and costs sought in this case.

---

[4] In petitioner's list of costs, the third thru fifth entries dated November 11, 2014 show costs for obtaining medical records from three different providers, totaling $446.70.  Pet. Motion at 29.  The receipt for these charges was provided.  *Id.* at 34.  Petitioner included this total a second time in the second entry dated November 6, 2014.  *Id.* at 30.

[5] The receipts show a daily charge of $133.88 for each room, arrival date of August 25, 2016 and departure date of August 26, 2016.  Pet. Motion at 47-48.  Petitioner billed $401.63 for these two rooms.  *Id.* at 30 (entry dated Aug. 16, 2016).  The room charge for the mediator in this case was $113.79 and was included in his bill.  *Id.* at 39, 46.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| **Total Amount of Attorneys' Fee Awarded** | **$ 38,095.50** |
| Total Amount of Attorneys' Costs Sought | $22,061.92 |
| Amount Billed Twice for Cost of Medical Records | - $446.70 |
| Additional Amount Billed for Hotel Rooms | - $133.57 |
| **Total Amount of Attorneys' Costs Awarded** | **$21,481.65** |

**Accordingly, the undersigned awards $59,577.15[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Paul Brazil.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　**s/Nora Beth Dorsey**
　　　　　　　　　　　　　　　　　　　　　　　　　　Nora Beth Dorsey
　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.